# CLAIM FORM

## SUPPLEMENTAL RELIEF ORDER FOR COOK COUNTY

Date: __5-21-07__

To:  Julia M. Nowicki
     Shakman Compliance Administrator
     300 South Wacker Drive
     Suite 1700B
     Chicago, IL 60606

I, __RickEy ColEMAN__, hereby declare, under penalty of

perjury pursuant to the laws of the United States, as follows:

1. **Address:** __13291 S. EBERHART__
   __CHICAGO, IL__
   __60827__

2. **Telephone:** __(312) 576-0754__

3. **Social Security Number:** __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__

4. **Date of Violation(s):** __Oct. 24, 2007, Jan. 11, 2007 March 13, 2007, April 3, 2007__

5. **What Job(s) or Job-Related Benefit(s) Were You Seeking When You Were the Victim of Political Discrimination:** (For example, the job title of the position you applied for, the number of overtime hours you should have received but for the discrimination, job assignment, suspension, bad review, etc.)

   __ADMINISTRATIVE ASST. IV , ADMINISTRATOR ON DUTY__

6. **Cook County Department or Agency Involved:**

   __Cook County Juvenile Detention Center (448)__

6

**Exh. A**

7.    **Facts Supporting Claim(s):** (Provide a narrative description of your claim of political discrimination in connection with your employment or application for employment with Cook County. Include as much detail as possible. The following are examples of the kind of detail you should include if applicable: when you applied for a job or promotion, whether you were interviewed for the job, the names of interviewers, the date of the interview, conversations you had with people about political sponsorship of the successful applicant, the name of any person who asked you to perform political work in exchange for favorable treatment at work, the name of any person who threatened to retaliate against you if you did not perform political work, etc. Please copy this page and attach additional pages, if necessary.)

I (Rickey Coleman) was promoted within the organization after approximately ten years, to the position of Administrative Assistant IV (Floor Manager). These job duties required working in rotation as Administrator on Duty which included working 7 consecutive days and being on 24 hour call without proper compensation. I started in 1988 as a Children's Attendant (Juvenile Counselor) and was promoted to positions of Case Worker II and III, Group Service Supervisor and lastly Administrative Assistant IV. I was not politically appointed. All of these positions required job postings, interviews and a selection process. I have worked extremely hard to obtain the Administrative Assistant IV position. During the last five years the Juvenile Detention Center has been flooded with politically appointed individuals to various positions most of them from 8th Ward. More specifically, the appointment of my previous supervisor Mr. Willie Ross. Mr.Ross had on numerous occasions requested that I purchase tickets to political fund raisers. Mr. Ross also stated that it was very important that I learn how to play the game, if I wanted to keep my job. I have purchased tickets out of fear of reprisal and retaliation.

I have incurred continued threats and harassment upon appointment of the new Superintendent J.W. Fairman. There has been bias and inconsistency when discipline has occurred. I was required to attend a hearing regarding theft and unauthorized use of a county vehicle. Policy and Procedure dictates the use of the county vehicle as scheduled Administrator on duty. On my way to work I was involved in an accident due to inclement weather. I was transported to the hospital by ambulance and spent a week off work due to injuries sustained.
Susan Tidwell was notified of the accident by acting supervisor Roy Farmer. Susan Tidwell (Administrative Assistant III) was responsible for having the vehicle taken out of storage, repaired and placed back in service. The vehicle was impounded and out of service approximately one year. Excess storage fees accumulated which required someone's accountability. During the hearing evidence was presented indicating that I was not negligent, the charges were dismissed. In addition to physical injury, attorney fees incurred, I was also docked pay for one week, denied workmen's compensation and not allowed to utilize sick time. I was informed after the hearing by my supervisor Mr. Catching, that I would be scheduled to perform the duties of the Administrator on duty the following week; which

7

entailed driving the same county vehicle. I expressed my concern about having to be placed in this situation again and was informed by my supervisor that he would drive in my place that following week but that I would have to resume my job duties the following scheduled rotation. Susan Tidwell did not have to attend a hearing on her actions nor did she receive any disciplinary action. Ms. Tidwell is supervised by Reid Paxton.

Approximately three months later I had another hearing along with co-workers Mr. Farmer and Mr. Granberry (Administrative Assistant IV's) regarding negligence and performance of duties. Line staff did not receive overtime payment. Supervisors are responsible for ensuring that overtime slips are submitted to personnel. The findings were that personnel received all appropriate documents per policy and procedure. The hearings findings were that there was no negligence shown on behalf of supervisors or managers. Mr. Reid Paxton the Business Manager responsible for submitting overtime received no hearing nor disciplinary action.

On several occasions during staff meetings Mr. Fairman would make verbal threats regarding getting rid of managers and supervisors.

The continued disparity of treatment and harassment began to take a toll on my health. I was directed upon consultation by a medical physician to take some time away from work. My supervisor Robert Catchings was notified by Cathy Willis of Employee Assistance on January 22, 2007 that I would be off work until further notice on medical leave. I met with my supervisor on January 25, 2007 at approximately 3:30p.m.in his office and informed him that I would be away from the facility due to declining health. While in Mr. Catchings office he mentioned nothing of a suspension but approximately one week later while on medical leave, I received a letter from my supervisor suspending me. On April 6, 2007 I received a certified letter dated March 13, 2007 stating effective the close of business March 16, 2007 that I would be laid off, due to budget constraints. I also received dated April 3, 2007 to bring in all my equipment. Upon investigation I have recently discovered that the four (4) Administrative Assistant IV positions previously held by me, Granberry, Collier and Farmer were given to politically affiliated staff persons Tony Barone, Carolyn Rice, Vanessa McCain and Delores Cornelius. These positions were not posted. These individuals have significantly less seniority and qualifications. The previous administrative staff had over 95 years of experience.

Erica Collins was assigned to the position of Administrative Assistant V, with no job posting or interview. This practice denied all qualified individuals the opportunity to be considered for promotion.

8.  **What Damages Did You Suffer and What Relief Are You Seeking?:** (Include as much detailed as possible about your damage and the amount you believe you are entitled to recover. For example, the following are examples are the sort of damages that might be applicable: loss wages, loss overtime, burdens associated with assignment to a new location, ect.)

In view of past practices by my supervisors I am in fear of reprisal, disparity of treatment and a hostile work environment. I am convinced that I will not be able to be re-assigned to the Administrative Assistant IV position without consequences due to filling this complaint. I have suffered mental anguish, loss of wages, loss overtime. Therefore, I am requesting to be allowed time needed for full retirement and benefits. I am also requesting monetary damages in the sum of $490,000.

9.    **Amount of Money Damages Sought: $490,000**

10.    **Documents That Support Your Claim:** (Identify any documents you believe support your claim of political discrimination and damages and attach copies if the documents are in your possession. You do not have to have documents to be considered for an award. Additional documents may be submitted at a later date, but only with permission from the Shakman Compliance Administrator for good cause.)

Letter of Suspension
Letter of Lay-off
Hearing Notices and Findings
Letter of Equipment Return
Workers' Compensation Denial
Medical Statements (upon request)
Job Title Listing
Job Title and Description Posting (Original Posting)
Retirement Information
Last Pay Stub (with unpaid balance)

**11. Political Discrimination Based on Conduct Occurring before August 28, 2004:**

Any Claimant seeking money damages for political discrimination that occurred before August 28, 2004 must explain why she or he did not discover the claim against Cook County before August 28, 2004.

If your claim(s) is based on events that occurred before August 28, 2004, you must describe all the facts that explain why you did not have enough information to discover your claim before August 28, 2004 or show that the County or its employees did something to hide the discrimination from you or to convince you not to file suit.

(Attach additional pages, if necessary)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(Signature of Claimant)

Subscribed and Sworn to
before me this 21 day
of MAY , 2007.

Notary Public

```
"OFFICIAL SEAL"
Alene White
Notary Public, State of Illinois
My Commission Exp. 04/14/2009
```

10