IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, PAUL M. LURIE, KENNETH AYERS, ANN M. KING, INDEPENDENT VOTERS OF ILLINOIS-INDEPENDENT PRECINCT ORGANIZATION, MICHAEL SULLIVAN, DARRYN JONES, STUART MAJERCZYK, RICHARD GRAMAROSSA and CONNIE GRAMAROSSA, et al., )))))))))) | |
| Plaintiffs, )) | |
| v. ))) | Case No. 69 C 2145<br>Judge Wayne R. Andersen |
| COUNTY OF COOK, et al., )) | Magistrate Judge Schenkier |
| Defendants. )))) | |

OBJECTION TO NOTICE OF DETERMINATION

Re:  Claimant Name:                Rickey Coleman
     Claim Identification Number   1168

The undersigned, by counsel, hereby objects to the Determination of the Compliance Administrator for the following reasons:

1. On May 21, 2007, I completed and filed a "claim form" entitled "Supplemental Relief Order for Cook County, a copy of which is attached and made part of this Objection as "R.Coleman Exhibit A."

2. As indicated in the materials in Exhibit A, I was laid off by Cook County on March 13, 2007, allegedly due to "budget cuts."

3. At that time, I was a floor manager for the Cook County Juvenile Detention Center.

4. I had been employed in various youth services capacities for some 19 years for the County.

5. I had been promoted numerous times on the basis of my work record.

6. After the layoff and after I had submitted my claim form to the Compliance Administrator, Julia M. Nowicki, on June 21, 2007, I attempted to submit my application to a new opening, a position that I had worked in the past. (April 22, 2007 posting of position attached here as R. Coleman Exhibit B.) My experience was such that I was eligible for consideration for this position and for one higher in the Juvenile Court System. In addition, I applied for a Team Leader position, a Recreational Supervisor Position, and a Supervisor of Juvenile Detention Counselors, all which I was qualified for.

7. Before applying for these positions, on April 8, 2007, I had written to Kim D. Gilmore, the County Bureau Chief of Human Resources, officially requesting that for all lists that I be placed on "preferential status" for reinstatement in accord with Rule 4 (4.031). (Exhibit C to this Objection.) No response or acknowledgment of this request has ever been received by me.

8. Despite my eligibility for preferential consideration, and despite having worked several of the positions that had opened and for which I applied in paragraph 6 above, the County officials claimed that my college grade transcripts were not in a sealed envelope and refused to consider my application.

9. In fact, no such rule was then in force and the refusal to consider my application was politically motivated as the County was on notice of my claim. I noted this refusal to the Compliance Administrator interviewer.

10. I am presently 49. My employment with the County consisted of positions that were career positions. No one else in County has in fact worked all of these positions. The refusal to entertain my applications for these positions paying in excess of $69,000 a year with county benefits, and

11. Without explanation other than that set out in my claim of politics, I have not even been interviewed for both the above and other comparable positions with Cook County. Since my lay off, I have not been able to secure comparable employment. Indeed, I have been effectively unemployed. Due to my financial situation. I had to retrieve my County pension benefits. And I have been paying COBRA insurance premiums of $670.00 a month.

12. One year's pay alone is in excess of $69,000.00, not $15,500 in the contemplated award. In addition, the County, by politics, is blacklisting me and denying me interviews for positions for which I am highly qualified for and which I would intend to work until age 60 per my then optional pension plan. The County's actions and inaction have directly denied me this compensation.

2

In sum, until such time as the County applies its preferential hiring to me and interviews me for positions for which I am qualified, and doing so out of improper political conduct, it should be required to reimburse me for my lost pay, benefits and the emoluments of my work, including all costs associated with having to take my pension benefits early, and having to pay COBRA premiums.

I understand that in response to filing this Objection, the Compliance Administrator may be required to provide my claim file to Judge Andersen and Judge Andersen may provide my file to the State's Attorney and that my file may become public.

_[signature]_ 10/30/2008
Claimant Name


Prepared and filed by:


/s/ John Thomas Moran, Jr.
Attorney for Rickey Coleman.




Moran Law Group
309 West Washington, Suite 900
Chicago, Illinois 60606
312.630.0200

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2008, I electronically filed the foregoing OBJECTION TO NOTICE OF DETERMINATION ith the Clerk of the Court using the CM/ECF system per Fed.R. Civ.Pro. 5, Local Rule 5.5, and the General Order on Electronic Case Filing, XI(C) serving all parties appearing.

/s/ John Thomas Moran, Jr.


3