IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, PAUL M. LURIE, KENNETH AYERS, ANN M. KING, INDEPENDENT VOTERS OF ILLINOIS-INDEPENDENT PRECINCT ORGANIZATION, MICHAEL SULLIVAN, DARRYN JONES, STUART MAJERCZYK, RICHARD GRAMAROSSA and CONNIE GRAMAROSSA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF COOK, et. al <br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 69 C 2145 <br> Judge Wayne R. Andersen <br> Magistrate Judge Schenkier |

## BRIEF FILED WITH RESPECT TO CLAIMANT RICKY COLEMAN'S OBJECTION TO NOTICE OF DETERMINATION

Julia M. Nowicki, *Shakman* Compliance Administrator, by and through her attorney Peter A. Monahan, files the following with respect to Claimant Ricky Coleman's Objection to Notice of Determination.

1. On November 30, 2006, this Court entered a Supplemental Relief Order ("SRO"), appointing Julia M. Nowicki to serve as the Compliance Administrator ("CA") in the above-captioned matter.

2. The SRO directed the CA to investigate claims brought before her pursuant to the SRO and determine whether the claims are eligible for recovery. The SRO directs the CA to consider all relevant factors and evidence regarding the claim, including but not limited to, to the extent applicable: (a) the ratio of applicants to the actual number of positions filled; (b) the facts presented regarding the alleged violation; (c) the salary of the position sought or held; (d) the economic benefit of the action at issue and the number of eligible recipients; and (e) the strength of evidence presented. In addition, the SRO provides that the CA may consider any allegations of violations occurring prior to August 28, 2004 only "if she determines they could not reasonably have been discovered by the

Claimant prior to August 28, 2004, were not discovered by the Claimant due to fraudulent concealment, and/or should be equitably tolled." SRO, IV.C.2, p. 14. Moreover, the SRO otherwise provides for post-SRO relief for those alleged violations occurring after February 2, 2007. SRO, V., pp. 18-27.

    3. In addition, the SRO provides that Claimants may object to the Compliance Administrator's Determination. The SRO provides the CA's decision shall be affirmed absent a finding that the CA abused her discretion.

    4. Claimant Ricky Coleman filed a claim alleging that the Floor Manager positions at JTDC were eliminated in the 2007 budget based on political tensions to make way for political hires. Claimant further alleges that he has been prevented from becoming re-employed with Cook County despite his request to be placed on reinstatement lists.

    5. After consideration of the relevant factors, the CA determined Claimant Ricky Coleman was eligible for recovery in the amount of $15,500.00. Where appropriate, damages were calculated from August 2004 through August 2008.

    6. In the course of her investigation, the CA reviewed all materials supplied to her by the claimant as well as documents obtained and interviews conducted by the CA. In particular, the CA considered Claimant's interview, the interview of a co-worker, the interview of another Claimant, the interview of Supervisor A, the interview of four witnesses, additional documents provided by Claimant; and payroll documents contained in Claimant's personnel file.

    7. In reaching her determination, the CA evaluated all relevant evidence as directed by the SRO. Claimant was one of four floor managers at JTDC. When he began in the position, the position was titled AA IV/floor manager, grade 18. JTDC employees noted in their interviews that tension existed between the floor managers and their immediate supervisor, Supervisor B, and the Bureau Chief. This tension appears to have been the result of the floor managers' positive relationship with the superintendent at JTDC at that time, whose political affiliation differed from that of Supervisor B and the Bureau Chief. Supervisor B pressured Claimant to purchase campaign tickets and Claimant states that he had purchased tickets out of fear. The Bureau Chief had started rumors that he would eliminate the floor managers from JTDC. In 2007, the four floor manager positions were eliminated from the budget. Claimant complains that politically affiliated employees with less seniority, holding AA IV grade 18 positions, were retained while the floor managers were eliminated. Although the floor manager position was previously called AA IV grade 18, payroll documents contained in Claimant's personnel file evidence that in 2001, the floor managers' position was reclassified and renamed as Floor Manager, grade 20. Therefore, the floor managers did not hold equivalent positions to the politically connected AA IV employees that were retained. In addition, the co-worker, who was the only floor manager that did not file a claim with the CA's office, stated in his interview that this reclassification was well known among the employees and

among the floor managers. The floor managers were given new name tags indicating their new position titles.

Claimant also complains of disciplinary action that was inappropriately taken against him. The charges were eventually dismissed. There is no evidence of a political basis for this disciplinary action. Claimant further complains that AA V positions were filled without following the proper posting and hiring procedures. Those AA V positions that were filled during the time period, however, were exempt positions and were not required to follow the posting and hiring procedures. Finally, Claimant complains that he was denied overtime. The CA requested, but did not receive overtime documents. The floor managers were required to be on call 24 hours a day, seven days a week for one out of every seven weeks. The floor managers had been previously compensated for these duties through overtime.

8. After consideration of the relevant factors, the CA determined that Claimant Rickey Coleman was eligible for recovery in the amount of $15,500.00. Specifically, the CA determined that Claimant was harmed by her lack of political affiliations. The CA found evidence of political tension between the floor managers, the superintendent, Supervisor B and the Bureau Chief based on the differing political affiliations of the superintendent, Supervisor B and the Bureau Chief. The CA determined, however, that Claimant's floor manager position was not equivalent to the AA IV positions that were retained in the budget cuts. In addition, the CA determined that Claimant was denied overtime compensation, at least in part, based on political considerations.

**WHEREFORE**, the CA submits this brief with respect to Claimant Rickey Coleman's Objection to Notice of Determination for the Court's consideration.

Respectfully Submitted,

/s/ Peter A. Monahan
Peter A. Monahan
Counsel to the Compliance Administrator
Office of the Cook County
Compliance Administrator
69 W. Washington, Suite 1416
Chicago, Illinois 60602