# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2388 | **DATE** | 9/24/2012 |
| **CASE TITLE** | Rickey Coleman vs. County of Cook | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, plaintiff Rickey Coleman's "Motion to Alter or Amend Judgment" [65] is denied. Status hearing remains set for 10/9/12.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Rickey Coleman moves under Fed. R. Civ. P. 59(e) to alter or amend the court's judgment of June 22, 2011, holding that Coleman's claims based on his termination from his position at the Cook County Juvenile Detention Center are barred by *res judicata*. (Dkt. No. 55, at 14-18.) The court's determination was based chiefly on Coleman's admission that his termination claim was previously adjudicated through the *Shakman* claim that he filed on May 21, 2007 before the Compliance Administrator ("CA") and through Coleman's appeal from the CA's decision that was adjudicated by Judge Wayne R. Andersen on April 28, 2009. (*See* Dkt. No. 55, at 15-17.) The court based its waiver determination on Coleman's statement in his response to the defendants' motion to dismiss that "[t]he claim adjudicated [by the CA and Judge Andersen] was based solely on his termination." (Dkt. No. 36, at 11-12.) Coleman now contends that statement was an error, and states that he intended to write that "the claim adjudicated was based solely on his overtime claims."

Coleman's argument is refuted by the full context of the statement, which indicates that Coleman was attempting to argue that while his termination claim was adjudicated, his failure to rehire claim was not:

> The County and J.W. Fairman argue that a reference in paragraph 5 of the CA's Brief relating to Plaintiff's Objection to the award of $15,500.00, and the same reference in Judge Andersen's granting Plaintiff's Objection in part, to wit: "Under the SRO, damages, when appropriate, were calculated from August 2004 to August 2008." There is no description of what "when appropriate" means in the context of the award but *it certainly does not refer to the failure to rehire plaintiff* after he qualified through testing, degree credentials, and interview. See SAC, ¶¶ 27, 28. The claim adjudicated was based solely on his termination. . . . The CA did "determine that Claimant was harmed by her [sic] lack of political affiliations," and that *overtime time was affected as well*. (Ex. A to Response) *Damages for failure to rehire, such as front pay, were not part of the calculus*. These were not part of the cause of action adjudicated by Judge Andersen

| STATEMENT |
|---|

after Plaintiff's Objection to the original award.

> . . . . There has been no hearing on the merits of plaintiff's post-February 2, 2007 claims and therefore, *res judicata* does not apply, there is no identity of claims, there is no similar core of operative facts. *The failure to rehire, based on politics, has a different core of facts than the termination decision*. The only commonality is the defendants' abuse of power and political retaliation.

(Dkt. No. 36, at 11-12 (emphasis added).) If Coleman had intended to write that "the claim adjudicated was based solely on his overtime claims," he would not have later explained that "[t]he failure to rehire, based on politics, has a different core of facts than *the termination decision*," thereby again distinguishing the termination claim, which he asserts was adjudicated, from his rehiring claim. Nor would Coleman have stated that the CA determined that "overtime time was affected *as well*" if he did not already concede that the CA determined that his termination was affected.

Indeed, at no point in his response did Coleman explicitly contend that his termination claim had not been adjudicated. Even if the failure to so contend was a mistake, Coleman cannot correct it now on a Rule 59 motion, because Rule 59 "'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Accordingly, Coleman's motion is denied.

*James F. Holderman*