IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKEY COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 2388 |
| | ) |
| COUNTY OF COOK, a unit of local Government; | ) |
| and EARL DUNLAP, the Transitional | ) |
| Administrator of the Juvenile Temporary | ) |
| Detention Center, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER DENYING IN PART
AND GRANTING IN PART DEFENDANT COOK COUNTY'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT

JAMES F. HOLDERMAN, Chief Judge:

"Defendant Cook County's Motion to Dismiss Plaintiff's Third Amended Complaint" [99] is granted in part and denied in part. Coleman's *Shakman* claim (Count I) as alleged against Cook County is limited to events occurring in June 2007. Coleman's § 1983 claim against Cook County (Count II) is dismissed as time-barred and beyond the scope of Cook County's *Monell* liability. For the sake of completeness, the court notes that Coleman's *Shakman* claim (Count I) also remains pending against defendant Earl Dunlap. Cook County's answer to the Third Amended Complaint is due on or before 2/28/13.

Statement

In its June 22, 2011 order granting in part and denying in part Cook County's motion to dismiss Coleman's Second Amended Complaint, *Coleman v. County of Cook*, No. 10 CV 2388, 2011 WL 2647891 (N.D. Ill. June 22, 2011) (Holderman, C.J.), this court limited Coleman's *Shakman* claim (Count I) to his allegations that defendants Cook County and Earl Dunlap failed to rehire Coleman based on his political affiliation.

The court further "decline[d] to dismiss Coleman's failure to rehire claim as time-barred at [that] point in the litigation," for reasons set forth in detail in the court's order. *Coleman*, 2011 WL 2647891, at *11 ("In light of Coleman's mixed pre-SRO and post-SRO claims, and the resultant confusion regarding the scope of Coleman's pre-SRO claims, the court finds that equitable tolling excused Coleman from having to file his post-SRO claim with the Complaint Administrator until after Judge Andersen's clarifying order was issued on April 28, 2009.").

In his Third Amended Complaint (Dkt. No. 62 ("3d Am. Compl.")), Coleman alleges three distinct times that he applied for open positions at the JTDC and was not accepted for re-hire: June 21, 2007 (¶¶ 39, 41-45), April 2008 (¶¶ 39, 46), and June 2009 (¶¶ 39-40, 47-48). Apparently misinterpreting the court's earlier order, Cook County has "renew[ed]" its argument that all of Coleman's allegations occurring prior to April 29, 2009 are time-barred, because they fall outside the 120-day limitations period set forth in the *Shakman* Supplemental Relief Order for Cook County. (Dkt. No. 99 ("County Mot.") at 1, n.1.) This court explicitly held that, at this point in the litigation, Coleman is permitted to rely on events allegedly taking place outside of the 120-day limitations period. As the court noted in its June 22, 2011 opinion, "[t]his issue may be revisited after discovery if new evidence comes to light inconsistent with the dates relied upon in the court's analysis." *Coleman*, 2011 WL 2647891, at *12. Cook County does not cite any new evidence that has come to light in support of its renewed argument, and the court therefore denies Cook County's request to dismiss Coleman's *Shakman* claim as time-barred.

Cook County is correct in noting, however, the court's application of the two-year statute of limitations applicable to § 1983 claims. *Coleman*, 2011 WL 2647891, at *14. In his Second Amended Complaint, Coleman's § 1983 claim "[did] not include any dates regarding Coleman's failure to rehire allegations." *Id.* In the Third Amended Complaint, as described above, Coleman specifically alleges that Cook County failed to rehire him in June 2007. Because Coleman did not file his § 1983 claim against Cook County until April 18, 2010, the events occurring in 2007 are outside the applicable limitations period. Accordingly, Coleman cannot rely on the June 2007 allegations in support of his § 1983 claim.

Cook County further argues that it cannot be held liable under § 1983 for any alleged discrimination against Coleman taking place after Dunlap was appointed as the Transitional Administrator of the JTDC on August 14, 2007. In *Brass v. Cook County*, this court took judicial notice of the relevant court orders entered in *Doe v. Cook County*, (N.D. Ill. Case No. 99 3945), and noted "[i]t is undisputed that Dunlap has been expressly made an agent of the federal court, authorized through a federal court order to implement and enforce other federal court orders." *Brass v. Cook County*, No. 09 CV 6873, 2011 WL 124251, at *5 (N.D. Ill. Jan. 14, 2011) (Holderman, C.J.). The court further determined that, under the unique circumstances of Dunlap's appointment, "Cook County cannot fairly be considered responsible for Dunlap's actions or the alleged injuries resulting therefrom." *Brass*, 2011 WL 124251, at *4.

Coleman argues that Dunlap's continued employment of Cook County employees and use of Cook County resources is sufficient to state a plausible § 1983 claim against Cook County. The court disagrees. As previously noted in *Brass*, "[u]ltimately, *Monell* is a case about responsibility," and under § 1983 "municipal liability is limited to action for which the municipality is actually responsible." *Id.* (internal quotation marks and citations omitted). Because Cook County "lost any ability to oversee or control [Dunlap's] actions" once he was appointed by the federal district court, *id.*, Cook County cannot be held liable for any alleged widespread practice or custom of political discrimination at the JTDC after Dunlap assumed the position of Transitional Administrator on August 14, 2007. Coleman's contention that "discovery will show a relationship between Cook County and the JTDC and Dunlap after August 14, 2007 that exposes Cook County to liability for its conduct regarding its handling of Plaintiff's applications for rehire," (Dkt. No. 112 ("Coleman's Resp.") at 9), is a conclusory allegation that fails to "raise a reasonable expectation that discovery will reveal evidence"

supporting this contention. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accordingly, Cook County's motion to dismiss Count II of the Third Amended Complaint is granted.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 14, 2013