IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 2388 |
| | ) | |
| COUNTY OF COOK, a unit of local Government; | ) | |
| and EARL DUNLAP, the Transitional | ) | |
| Administrator of the Juvenile Temporary | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff's "Motion for Relief from a Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6)" [141] is denied. Parties are to submit their agreed proposed amended scheduling order to Judge Holderman's proposed order email address, as previously ordered [143], on or before 5/30/2013. The parties need not appear before the court on 5/21/2013.

Statement

Plaintiff Rickey Coleman ("Coleman") argues in his "Motion for Relief from a Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6)," (Dkt. No. 141), that a series of excusable mistakes caused this court to incorrectly dismiss Coleman's claim for wrongful termination on June 22, 2011, and that his claim for wrongful termination therefore can and should be reinstated at this point in the litigation. The court disagrees.

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Among other grounds, Rule 60(b) provides for relief from judgment in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Coleman argues in his Rule 60(b) motion that this court erroneously applied the doctrine of *res judicata* with respect to Coleman's claim for wrongful termination, because neither the Compliance Administrator nor Judge Andersen actually had jurisdiction to rule on Coleman's wrongful termination claim under the "pre-SRO" procedures set forth in the *Shakman* litigation. The "mistakes" Coleman relies on in support of his Rule 60(b) motion include: (1) Coleman's erroneous *pro se* attempt to include his wrongful termination claim in his "pre-SRO" filing; (2) the Compliance Administrator and Judge Andersen's failure to explicitly identify and address

this procedural error; and (3) counsel's own error in "look[ing] to what plaintiff had filed with the Compliance Administrator and not to the limited authority of the 'CA' or the district court (Judge Andersen)" when responding to Defendants' motions to dismiss. (Dkt. No. 141 at 5.)

Coleman has already raised this argument in "Plaintiff's Motion to Alter or Amend Judgment" (*see* Dkt. No. 65 ¶ 2), which this court denied on September 24, 2012 (Dkt. No. 95). To the extent Coleman disagrees with this court's September 24, 2012 ruling, his arguments are better brought before the Seventh Circuit than rehashed before this court. *Talano*, 273 F.3d at 762 (motion "suggest[ing] that the district court made mistakes of law" did not set forth grounds for relief under Rule 60(b)); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Coleman's attempt to flesh out his argument by describing in detail the mistakes that occurred before the Compliance Administrator and before Judge Andersen also comes too late. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). After this court rejected Coleman's first attempt to raise this jurisdictional argument in his Rule 59(e) motion, Coleman waited almost eight months to file the pending Rule 60(b) motion premised on the same argument. Coleman makes no attempt to explain this delay, and the court finds this delay to be unreasonably long.

Accordingly, Coleman's "Motion for Relief from a Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6)" is denied.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 20, 2013

2