IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY COLEMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 2388 |
| | ) | |
| COOK COUNTY, a unit of local | ) | |
| Government; and EARL DUNLAP, | ) | |
| the Transitional Administrator for | ) | |
| the Juvenile Temporary Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER

JAMES F. HOLDERMAN, District Judge:

For the reasons stated below, Plaintiff Coleman and Defendant Cook County are encouraged to settle the bill of costs amount by agreement no later than June 16, 2014. Defendant Cook County is ordered to amend its bill of costs [208] to provide a full itemization, supporting its request for reimbursement of costs on or before June 23, 2014. Plaintiff Coleman's response thereafter is due June 30, 2014.

STATEMENT

On May 6, 2014, this court entered judgment against Plaintiff Rickey Coleman's claims that Defendants impermissibly failed to rehire him for political reasons under the Civil Rights Act, 42 U.S.C. §1983 (2012) and the "*Shakman* Decree." (Dkt. No. 206.) Subsequently, Defendant Cook County filed a Bill of Costs and Affidavit with this court. (Dkt. No. 208.)

In Cook County's Bill of Costs, the County seeks $2,271 for the preparation of several deposition transcripts. (*Id.*) Local Rule 51.4(b) in the Northern District of Illinois provides that a party prevailing in litigation may apply for costs for "obtaining all or any part of a transcript for use in a case." However, L.R. 51.4(b) also state that the costs of the "transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States."

Cook County provides a list of the depositions and their cost, as well as exhibits confirming the cost of each deposition. (Dkt. No. 208.) The court is persuaded that Cook

1

County has in fact incurred $2,271 in costs. However, Cook County has failed to justify that it is entitled to reimbursement for that entire amount under L.R. 51.4(b).

A preliminary review by this court indicates that Cook County may be seeking to be reimbursed for deposition transcript preparation at rates higher than those set by the Judicial Conference of the United States. For example, Rickey Coleman's April 22, 2013 deposition was 100 pages, (Dkt. No. 168, Ex. 4), and the Judicial Conference's maximum transcript rate for an expedited transcript is $4.85 per page. This means that Cook County could be reimbursed $485 for this deposition, or 100 pages multiplied by the $4.85 rate. Instead, Cook County seeks reimbursement for the entire amount paid to the County's vendor, or $820.22.

As a result of such discrepancies, this court orders Cook County to provide a full itemization for each deposition transcript Cook County seeks to recover as a cost. This itemization must include at a minimum the following: (1) the name of the deponent and date of the deposition; (2) the number of pages for each deposition transcript; (3) the maximum cost Cook County may recover for each deposition under L.R. 51.4(b) and the Judicial Conference's maximum per page rates; and (4) the actual expense Cook County incurred for each deposition.

CONCLUSION

For the reasons stated above, Plaintiff Coleman and Defendant Cook County are encouraged to settle the bill of costs amount by agreement no later than June 16, 2014. Defendant Cook County is ordered to amend its bill of costs [208] to provide a full itemization, supporting its request for reimbursement of costs on or before June 23, 2014. Plaintiff Coleman's response thereafter is due June 30, 2014.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

Date: June 2, 2014

2